MIRCH & MIRCH
Kevin J. Mirch, Esq.
Bar No. 0923
Marie C. Mirch, Esq.
Bar No. 6747
201 W. Liberty Street
Reno, Nevada 89501
(775) 324-7444
(775) 324-7748

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESSICA CHACON,<br><br>        Plaintiff,<br><br>vs.<br><br>MIKE JOHANNS, Secretary of Agriculture, UNITED STATES DEPARTMENT OF AGRICULTURE.<br>KEVIN LINDBERGH, an individual,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW, Plaintiff, JESSICA CHACON, by and through her undersigned attorneys, and hereby alleges, avers and complains as follows:

**PARTIES**

1. The Plaintiff, Jessica Chacon, was at all times relevant hereto a resident of Washoe County, State of Nevada.

2. Plaintiff is an adult competent female, who brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e alleging that the Defendants affected Plaintiff in her employment because of her sex.

3. Defendant, MIKE JOHANNS, at all times relevant hereto was the Secretary of Agriculture, for the UNITED STATES DEPARTMENT OF AGRICULTURE and responsible for

-1-

the operations of the United States Department of Forestry or the United States Department of Forestry. Both of the preceding titles are intended to mean the same thing.

4.     Upon information and belief, Defendant, KEVIN LINDBERGH, is an individual who at all times relevant hereto was a resident of the State of Nevada, and working for the United States Department of Forestry.

5.     Whenever, the term Defendant is used without specific exclusion of another Defendant, then all the Defendants are included in the term. This applies even if the term Defendant is used in the singular or the plural.

**JURISDICTION AND VENUE**

6.     The court has subject matter jurisdiction and venue pursuant to 28 U.S.C. §§ 1331 and 1391.

7.     On or about February 1, 2002 and May 3, 2002, Plaintiff timely filed charges with the Equal Employment Opportunity Commission. Plaintiff has exhausted her administrative remedies before the Commission. Plaintiff obtained her right to sue letter under Title VII and filed this complaint within 90 days of her receipt of that notice.

**FACTUAL ALLEGATIONS**

8.     Plaintiff is employed by the United States Department of Agriculture as a forest fire fighter.

9.     During or about May, 2001, Plaintiff began working on the Tatanka Hotshot Crew (Crew) in the Black Hills National Forest, Region 2, USDA Forest Service in Custer, South Dakota on a temporary assignment for the 2001 fire season.

10.    Plaintiff was the only female on the 20 member Crew.

11.    Between May, 2001, and September, 2001, (2001 fire season), Plaintiff was not treated equally in relation to her male co-workers.

12.    While employed by the Defendant, United States Department of Agriculture, Plaintiff was subjected to a sexually hostile work place that was both objectively offensive and subjectively

offensive to Plaintiff.

13. The sexual harassment was both severe and pervasive.

14. The sexual harassment was directed at Plaintiff by Defendant Kevin Lindbergh, a co-worker on the Crew.

15. The harassment began in or about July, 2001.

16. The first act of sexual harassment occurred on or about July 8, 2001, and consisted of Mr. Lindbergh entering Plaintiff's sleeping bag while Plaintiff was sleeping. Once inside, Plaintiff's sleeping bag, Defendant Lindbergh placed himself in a highly sexual position known as "spooning" directly behind Plaintiff and putting his arm around her waist initially while she was sleeping. After she awoke and pushed Defendant Lindbergh away, Mr. Lindbergh refused to immediately cooperate, but instead both assaulted and battered Plaintiff.

17. Immediately thereafter, Plaintiff reported the harassment to her squad boss, Joseph Suarez who advised Plaintiff he would "keep an eye" on the situation. This turned out to be a hollow promise as Joseph Suarez did not exert sufficient character to properly manage those men under his charge.

18. Mr. Suarez failed to take corrective action.

19. After Plaintiff complained against Mr. Lindbergh, Mr. Lindbergh regularly yelled at Plaintiff, disparaging comments, and participated in the open ostracization of Plaintiff in the presence of other Crew members and management causing Plaintiff to suffer emotional distress, making it difficult for her to perform her job without open and notorious discrimination.

20. Mr. Lindbergh regularly made crude and offensive remarks regarding women in the presence of Plaintiff. The comments included specific comments regarding the use of woman's sexual physical parts and his desire to use the same personally. Essentially, Mr. Lindbergh regularly solicited sexual favors, made improper sexual comments, and improperly touched Plaintiff. Mr. Suarez refused to stop this and other misconduct occurring within his division or operation.

21. As a result of management's failure to intervene, the harassment continued un

1  relentlessly until September, 2001.

2      22.    On or about September 12, 2001, Plaintiff was called into a meeting with Mr.
3  Lindbergh and supervisor's Patrick Laeng, Jason Virtue, and Donald Henry.

4      23.    The meeting was hostile in nature because Plaintiff was further harassed, threatened,
5  and called a liar by Mr. Lindbergh with respect to her claims against him and discouraged by Mr.
6  Lindbergh and supervisor, Donald Henry from pursuing a formal complaint against Mr. Lindbergh
7  and other participants in the outrageous conduct.

8      24.    During the aforementioned meeting, Plaintiff was informed by Supervisor Henry
9  and Mr. Lindbergh that she did not have the right to make a formal complaint. This was done in
10 order to protect a "runaway" division of the department of forestry from relentlessly discriminating
11 against female employees.

12     25.    On or about September 18, 2001, Plaintiff contacted an EEO counselor.

13     25.    Immediately following such contact, the Forest Supervisor, John Twiss, was made
14 aware of the acts of sexual harassment by Mr. Lindbergh toward Plaintiff and participation by Mr.
15 Suarez and other members of the Department of Forestry.

16     27.    Mr. Twiss immediately separated Mr. Lindbergh and Plaintiff by transferring Plaintiff
17 to the Forest Supervisor's office to perform administrative duties.

18     28.    Mr. Twiss and an investigator from the Forest Service commenced an investigation
19 into the sexual harassment by Mr. Lindbergh.

20     29.    As a result of the investigation, Mr. Twiss concluded that, based on his own
21 admission, Mr. Lindbergh had committed acts of sexual harassment toward Plaintiff and Mr. Twiss
22 suggested Mr. Lindbergh be removed from working with Plaintiff, but with otherwise little or no
23 discipline.

24     30.    On or about October 9, 2001, in lieu of being removed, Mr. Lindbergh executed an
25 Alternative Discipline Agreement wherein he admitted to "inappropriate and unwelcome touching
26 of Jessica Chacon, and making inappropriate comments regarding women."  In addition, Mr.

-4-

Lindbergh stated therein that he regretted his actions and would not repeat such misconduct in the future. Mr. Lindbergh also agreed to have no further contact with Plaintiff and was forced to participate as a speaker in EEO Sensitivity Training for the crew.

31. If Mr. Lindbergh violated the terms and conditions of said Agreement, he would be removed from federal employment with Defendant.

32. In or about November, 2001, Mr. Lindbergh violated said agreement by sending Plaintiff a card entitled "Revenge of the Goldfish" which was sexual in nature, inappropriate and offensive to Plaintiff, thereby causing his removal from the agency.

## FIRST CAUSE OF ACTION
**Sexual Harassment and Hostile Work Environment (Against all Defendants)**

33. Plaintiff incorporates by reference all the paragraphs of this Complaint as if more fully set forth herein.

34. The acts and omissions complained of herein are a violation of Title VII of the Civil Rights Act in that the Plaintiff has been subjected to repeated unwelcome sexual harassment at work that was both objectively and subjectively offensive to a reasonable woman. This offensive conduct involved not only offensive oral comments, written statements, offensive touching and threats of touching on a regular basis so as to prevent Plaintiff from being able to properly perform her job as promised by state and federal anti-discriminatory statutes.

35. Defendants' conduct was intentional and knowingly made in order to cause Plaintiff to abuse Plaintiff while knowing that Mr. Saurez and other management would not impose proper discipline upon the Defendant. Essentially, the Defendants know that the federal and state anti-discriminatory statutes were not being followed.

36. As a direct and proximate result of Defendants' conduct, Plaintiff sustained substantial damages in excess of $100,000.00. The damages consist of Plaintiff losing promotions for disclosing illegal and improper conduct, and being maligned to a point of suffering severe emotional distress. The exact amount of damages will be determined at trial.

36. As a direct and proximate result of Defendants' conduct, the Plaintiff has been, and

will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven at the time of trial. As a further proximate result of the conduct of Defendants, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

37. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

38. In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

**SECOND CAUSE OF ACTION**
**Negligent Supervision (against Defendant United States Department of Agriculture)**

39. Plaintiff incorporates paragraphs 1-38 of this Complaint as if more fully set forth herein.

40. The Defendants were on notice that Plaintiff was being subjected to a hostile work environment by Plaintiff's co-workers.

41. Despite being on notice of this situation, the Defendant failed and neglected to properly supervise the co-workers.

42. Despite being on notice of this situation, the Defendant failed and neglected to properly supervise the co-workers and to put an end to the threatening work environment to which the Plaintiff was subjected.

43. As a direct and proximate result of Defendants' conduct, Plaintiff sustained substantial damages in excess of $100,000.00. The exact amount of damages will be determined at trial.

44. As a direct and proximate result of Defendants' conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven

1  at the time of trial.  As a further proximate result of the conduct of Defendants, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

45.  Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

46.  In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff.  Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

### THIRD CAUSE OF ACTION
### Equal Protection Under 42 U.S.C. § 1983
### (against Defendant United States Department of Agriculture)

47.  Plaintiff incorporates by reference all the paragraphs of this Complaint as if more fully set forth herein.

48.  Plaintiff is a woman.  Plaintiff performed her job with diligence and in a competent manner.  Male employees were not subjected to comparable sexual harassment routinely imposed upon female employees including, but not limited to, the Plaintiff, intentionally by each of the Defendants.  Male employees were not subjected to the same level of sexually inappropriate discrimination, including, but not limited sexually improper statements which discussed female body parts, solicited sexual misconduct, when Plaintiff complained the sexual discrimination against the Plaintiff increased.

49.  Male employees were allowed to openly solicit, sexually comment about, sexually assault and batter female employees without any protection afforded to female employees.  As a result of this disportionate treatment of female employees male defendants (i.e., from a sexual standpoint).  Plaintiff was denied equal protection required under federal and state anti-discriminatory statutes.

48.  Plaintiff was denied equal protection otherwise afforded female employees that are being discriminated against; otherwise disclose the discrimination, and expect equal protection under state

and federal statutes, the Plaintiff was denied any legitimate equal protection. Instead, she was maligned by other male workers, told not to pursue legitimate remedies available under equal protection statutes. The violation of Defendant's equal protection rights was intentional and caused substantial and irreparable damage to the Plaintiff.

49. As a direct and proximate result of Defendants' conduct, Plaintiff sustained substantial damages in excess of $100,000.00. The exact amount of damages will be determined at trial.

50. As a direct and proximate result of Defendants' conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven at the time of trial. As a further proximate result of the conduct of Defendants, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

51. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

52. In committing the acts herein mentioned, hereto the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

### FOURTH CAUSE OF ACTION
### Gender Discrimination
### (Against Defendant United States Department of Agriculture)

53. Plaintiff incorporates by reference all the paragraphs of this Complaint as if more fully set forth herein.

54. The acts and omissions of the Defendant as set forth herein have subjected the Plaintiff to disparate treatment compared to her male co-workers. Specifically, Plaintiff has been exposed to sexual discrimination during work which her male counterparts have not been subjected.

54. Despite disclosing illegal sexual comments (oral and written); improper sexual touching

of this Plaintiff; and retaliation by management after Plaintiff disclosed discriminatory conduct imposed upon her, Plaintiff suffered retaliation in the form of being vehemently discouraged from pursuing her legal right to complain and seek proper discipline against her male counterparts and management and has been denied normal promotions.

55. The Government had a duty to protect its female employees from sexual harassment.

56. As a direct and proximate result of Defendants' conduct, Plaintiff sustained substantial damages in excess of $100,000.00. The exact amount of damages will be determined at trial.

57. As a direct and proximate result of Defendants' conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven at the time of trial. As a further proximate result of the conduct of Defendants, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

58. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

59. In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

### FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (all Defendants)

60. Plaintiff incorporates paragraphs all the paragraphs of this Complaint as if more fully set forth herein.

61. Defendants owed Plaintiff the duty of maintain a safe non-threatening workplace, follow state and federal anti-discrimination statutes, and to act in a professional manner.

62. Defendants breached that duty by permitting the sexual harassment and hostile work

environment against the Plaintiff, and telling Plaintiff she could not file a grievance concerning the incident.

63. The conduct was of Plaintiff's co-worker was outrageous.

64. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress knowing Mr. Lindbergh's conduct was outrageous and demeaning and failing to stop the same.

65. Plaintiff suffered severe emotional distress as result of the outrageous acts of her co-worker.

66. As a direct and proximate result of Defendants' conduct, Plaintiff sustained substantial damages in excess of $100,000.00. The exact amount of damages will be determined at trial.

67. As a direct and proximate result of Defendants' conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven at the time of trial. As a further proximate result of the conduct of Defendants, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

68. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

69. In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

### SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (All Defendants)

70. Plaintiff incorporates by reference all the paragraphs of this Complaint as if more fully set forth herein.

71. Defendants owed Plaintiff the duty of maintain a safe non-threatening workplace, to follow state and federal anti-discrimination statutes and to act in a professional manner.

72. Defendant Lindbergh breached that duty by intentionally sexually harassing Plaintiff including:

  i. yelling at Plaintiff,

  ii. disparaging Plaintiff and ostracizing Plaintiff in the presence of the Crew,

  iii. making crude and offensive remarks regarding women in the presence of Plaintiff,

  iv. "spooning" Plaintiff, and touching her in a sexual nature,

  v. the inappropriate and unwelcome touching of Jessica Chacon, and making inappropriate comments regarding women, and

  vi. sending Plaintiff a postcard of a sexual nature after entering into an agreement with his employer to cease his improper conduct against Plaintiff.

73. Defendant Lindbergh admitted to the aforementioned conduct.

74. Defendant United States Division of Forestry breached their duty by failing to comply with state and federal anti-discrimination statutes, by failing to control the improper conduct of Plaintiff's co-worker, and by telling Plaintiff she could not file a grievance for the inappropriate acts committed against her.

75. This created a hostile work environment against Plaintiff.

76. The conduct of Defendants was outrageous and intentional.

77. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress knowing this conduct was outrageous and demeaning and failing to stop the same.

78. Plaintiff suffered severe emotional distress as result of the outrageous acts of her co-worker Mr. Lindbergh and crew supervisors.

79. As a direct and proximate result of Defendants' conduct, Plaintiff sustained

-11-

substantial damages in excess of $100,000.00. The exact amount of damages will be determined at trial.

80. As a direct and proximate result of Defendants' conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven at the time of trial. As a further proximate result of the conduct of Defendants, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

81. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

82. In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

**SEVENTH CAUSE OF ACTION**
**Negligence ( all Defendants)**

83. Plaintiff incorporates by reference all paragraphs of this Complaint as if more fully set forth herein.

84. Defendants had a duty to conform to a standard of conduct to protect the plaintiff in the workplace. Defendants also owed Plaintiff the duty of maintain a safe non-threatening workplace in compliance with state and federal anti-discrimination statutes and to act in a professional manner.

85. Defendants failed to meet this standard of conduct.

86. Defendant Lindbergh breached his duty by intentionally sexually harassing Plaintiff including:

    i.    yelling at Plaintiff,

    ii.    disparaging Plaintiff and ostracizing Plaintiff in the presence of the Crew,

    iii.    making crude and offensive remarks regarding women in the presence of

1 Plaintiff,

        iv.    "spooning" Plaintiff, and touching her in a sexual nature,

        v.    the inappropriate and unwelcome touching of Jessica Chacon, and making inappropriate comments regarding women, and

        vi.    sending Plaintiff a postcard of a sexual nature after entering into an agreement with his employer to cease his improper conduct against Plaintiff.

87. Defendant Lindbergh admitted to the aforementioned conduct.

88. Defendant United States Division of Forestry breached their duty by failing to comply with state and federal anti-discrimination statutes, by failing to control the improper conduct of Plaintiff's co-worker, and by telling Plaintiff she could not file a grievance for the inappropriate acts committed against her.

89. This created a hostile work environment against Plaintiff.

90. The conduct of Defendants was outrageous and intentional.

91. Defendants' breach of duty was the proximate or legal cause of the Plaintiff's resulting injury.

92. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress knowing his conduct was outrageous and demeaning and failing to stop the same.

93. Plaintiff suffered severe emotional distress as result of the outrageous acts of her co-worker Mr. Lindbergh.

94. As a direct and proximate result of Defendant's conduct, Plaintiff sustained substantial damages in excess of $100,000.00. The exact amount of damages will be determined at trial.

95. As a direct and proximate result of Defendants' conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven at the time of trial. As a further proximate result of the conduct of Defendant, Plaintiff has

suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

96. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

97. In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

### EIGHTH CAUSE OF ACTION
### Assault (Defendant Lindbergh)

98. Plaintiff incorporates by reference all Paragraphs of this Complaint as if more fully set forth herein.

99. Defendant engaged in acts of sexual harassment against the Plaintiff as described above.

100. Defendant intended to create in the Plaintiff an apprehension of harmful or offensive conduct. The apprehension that was created was of imminent threatened contact. Defendant had the ability to commit the harm.

101. Defendant's conduct was harmful and offensive.

102. As a further, direct, proximate, and foreseeable result of Defendant's conduct described above, Plaintiff has suffered shame, despair, humiliation, embarrassment, depression, and emotional distress.

103. The conduct of Defendant was outrageous.

104. Defendant acted with reckless disregard of the probability that Plaintiff would suffer emotional distress knowing his conduct was outrageous and demeaning and failing to stop the same.

105. Plaintiff suffered severe emotional distress as result of the outrageous acts of her co-worker Mr. Lindbergh.

106. As a direct and proximate result of Defendant's conduct, Plaintiff sustained substantial damages in excess of $100,000.00. The exact amount of damages will be determined

at trial.

107. As a direct and proximate result of Defendant's conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven at the time of trial. As a further proximate result of the conduct of Defendant, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

108. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

109. In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

### NINTH CAUSE OF ACTION
### Battery (Defendant Lindbergh)

110. Plaintiff incorporates by reference all Paragraphs of this Complaint as if fully more set forth herein.

111. Defendant Lindbergh physically touched Plaintiff in a sexual manner including "spooning" her at her place of work as described above.

112. Defendants' conduct was intentional.

113. Defendants' conduct was harmful and offensive.

114. As a further, direct, proximate, and foreseeable result of Defendants' afore stated conduct, Plaintiff has suffered shame, despair, humiliation, embarrassment, depression, and emotional distress resulting in damages in excess of $100,000.00. The exact amount of damages will be determined at trial.

115. As a direct and proximate result of Defendant's conduct, the Plaintiff has been, and will be in the future, prevented from earning maximum earnings from her employment. The exact amount of the loss of future earnings is thus far undetermined and accordingly, will be proven

at the time of trial. As a further proximate result of the conduct of Defendants, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer therefrom in the future.

116. Plaintiff has retained an attorney in order to prosecute this action and accordingly, is entitled to reasonable attorney fees and costs related thereto.

117. In committing the acts herein mentioned, the Defendants acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff. Consequently, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**WHEREFORE**, the Plaintiff prays for relief as set forth below:

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendants be ordered to pay to Plaintiff a sum in excess of $100,000.00, the exact amount of which will be proven at the time of trial;

2. That Defendants be ordered to pay to Plaintiff a sum, the exact amount of which will be proven at the time of trial, for Plaintiff's lost income, both past and future;

3. That Defendants be ordered to pay Plaintiff a sum in excess of $100,000.00, the exact amount of which will be proven at the time of trial, for Plaintiff's physical and mental pain.

4. That Plaintiff be awarded exemplary damages, as permitted by law, as a result of Defendants' willful and wanton misconduct in a sum in excess of $100,000.00;

5. That the Plaintiff be awarded the attorney's fees and court costs that she incurs in the prosecution of this Complaint; and

6. Such other and further relief as the court may deem just and equitable in the premises.

**JURY DEMAND**

Plaintiff hereby demands a jury trial of this action.

Dated this 10th day of April, 2006.

                                           MIRCH & MIRCH
                                           320 Flint Street
                                           Reno, Nv 89501
                                           (775-324-7444

                                    BY /ss/ Marie C. Mirch
                                           Marie C. Mirch, Esq.
                                           Attorneys for Plaintiff